(C.D. 2215)

HENLEY & Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 7, 1960)

*Eugene R. Pickrell* (*George E. Long* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: The merchandise under consideration concerns a product designated on the consular invoice as "Scopolamine N–Oxide Hydrobromide." It appears that the product in question, with the exception that it is only about one-sixth as toxic, has the same uses as Scopolamine Hydrobromide, which latter product is used as a sedative, hypnotic, and mydriatic and also in combination with morphine to produce a state of partial anesthesia, called twilight sleep, in obstetrics.

The importation was assessed with duty as a medicinal preparation, not specially provided for, under paragraph 5 of the Tariff Act of 1930,

as modified, at the rate of 11½ per centum ad valorem. It appears, however, from a memorandum found with the official papers that the correct rate of duty for the merchandise should have been 12½ per centum ad valorem under said paragraph, as modified. Plaintiff claims that the merchandise is properly classifiable under paragraph 45 of the tariff act at 10 cents per pound under the provision therein for "Bromine and all bromine compounds not specially provided for."

The protest was submitted upon the following stipulation entered into between counsel for the respective parties:

* * * the merchandise covered by this protest is Scopolamine N-Oxide Hydrobromide; that it is chiefly used as a medicinal preparation and is ready for administration in the condition as imported; that said merchandise is a bromine compound, and that the number of bromine compounds is smaller than the number of medicinal preparations.

Plaintiff, in its brief, states the issue as "whether the provision for '* * * all bromine compounds not specially provided for' in Paragraph 45 of the Tariff Act of 1930 is more specific than the provision for '* * * all medicinal preparations * * * not specially provided for' in Paragraph 5 of that Act."

In determining the application of the rule of relative specificity to the involved merchandise, the fact that it has been conceded in the case at bar that the number of bromine compounds is smaller than the number of medicinal preparations, does not in itself subject the importation to classification under paragraph 45 of the act, as claimed by the plaintiff herein. The provision for "all medicinal preparations" is equivalent to an enumeration of every medicinal preparation, not otherwise specially provided for by name. *Merck & Co.* v. *United States*, 6 Ct. Cust. Appls. 41, T.D. 35315. In our opinion, the controlling factor in the determination of the issue in this case is that the provision for "all medicinal preparations" is a designation by use (*cf. United States* v. *Lo Curto & Funk*, 17 C.C.P.A. (Customs) 19, 21, T.D. 43319). In such connection, we deem controlling the holding of our appellate court in the case of *Sandoz Chemical Works, Inc.* v. *United States*, 43 C.C.P.A. (Customs) 152, C.A.D. 623, which defendant, in its brief, cites as "*stare decisis*" of the issue here presented.

In the *Sandoz Chemical* case, *supra*, certain homatropine hydrobromide was classified under paragraph 28(a) of the Tariff Act of 1930 for coal-tar products "* * * and other medicinals * * * all the foregoing products provided for in this paragraph, when obtained, derived, or manufactured in whole or in part from any of the products provided for in paragraph 27 or 1651 * * *." Appellant therein claimed the merchandise properly classifiable under paragraph 45, here in question, for "Bromine and all bromine compounds not spe-

cially provided for." The merchandise in the *Sandoz Chemical* case, *supra*, was stipulated to be an ester of tropine and mandelic acid chemically combined with hydrobromic acid, the mandelic acid being obtained, derived, or manufactured in part from toluene, the latter product, in turn, being one of the products provided for in paragraph 1651 of the tariff act. In resolving the question of the relative specificity of the paragraphs there involved, our appellate court, in the *Sandoz Chemical* case, *supra*, affirmed the judgment of this court that the merchandise under consideration in that case was properly classifiable under the provision for "other medicinals" in paragraph 28(a) of the Tariff Act of 1930, as assessed. In so doing, the court, pages 158–159, stated:

* * * In determining relative specificity, it is well settled that a designation by a specific use prevails over a designation of general character without special limitation as to use or other qualification. *Drakenfeld & Co. v. United States*, 9 Ct. Cust. Appls. 124, T.D. 37979, and cases cited therein.

The court, in the *Sandoz Chemical* case, *supra*, then stated as follows:

In the present case, it can readily be seen that paragraph 28(a), *supra*, relates to use whereas paragraph 45, *supra*, relates to general character. Therefore, in view of the above-cited law, we are of the opinion that the imported homatropine, hydrobromide was properly classified under paragraph 28(a), *supra*. * * *

The fact that the merchandise involved in the *Sandoz Chemical* case, *supra*, was a specific kind of medicinal, namely, a coal-tar medicinal, does not, in our opinion, negative a holding, as here expressed, that the provision in paragraph 5 of the Tariff Act of 1930, as amended, for "all medicinal preparations" is more specific than the provision for "Bromine and all bromine compounds not specially provided for" in paragraph 45 of said act. The *Sandoz Chemical* case turned upon the fact that the provision in paragraph 5, *supra*, for "other medicinals" was a use provision and thus more specific in its application to the product there imported than the provision in paragraph 45 for "bromine compounds."

In view of our present determination, we deem it unnecessary to discuss at length the arguments advanced in plaintiff's brief with respect to the legislative history of paragraph 45 for "Bromine and all bromine compounds not specially provided for," which contentions purport to indicate that the legislative history of paragraph 45 establishes that Congress intended said paragraph to provide for medicinal preparations which are also bromine compounds. In this connection, plaintiff, in its brief, makes reference to the Summary of Tariff Information, 1921, prepared by the United States Tariff Commission for the use of Congress at the time the Tariff Act of 1922 was under consideration. In said summary, at page 128 thereof, it was indicated that "Bromine is used in the manufacture of certain coal-tar dyes and

bromine compounds; the latter are employed principally in photography and medicine." Plaintiff maintains that the quoted language indicates that Congress intended paragraph 45 for bromine compounds to include medicinal preparations, it appearing that the Tariff Act of 1922 and the present tariff act enlarged prior provisions so as to provide for "Bromine and all bromine compounds not specially provided for." However, our appellate court has held to the effect that a description of the use of a certain article in a tariff summary does not necessarily indicate that the article in question is included within the provisions of the paragraph in which a reference to the commodity is made. *United States* v. *Page N. Goffigon*, 43 C.C.P.A. (Customs) 172, C.A.D. 625. Suffice to say for our present determination that the article at bar is more specifically provided for under the provisions of paragraph 5 of the tariff act for "medicinal preparations" than under the provisions of paragraph 45 of the act for "Bromine and all bromine compounds not specially provided for."

For all of the reasons heretofore expressed, we are of opinion and hold that the merchandise at bar is properly classifiable under paragraph 5 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, at the rate of 12½ per centum ad valorem as a medicinal preparation, not specially provided for, as assessed.

The protest is overruled.

Judgment will be entered accordingly.